UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW ALAN SCHROCK,

    Plaintiff,

    v.        CAUSE NO. 3:19-CV-629-JD-MGG

OFFICER B. ROMERO, et al.,

    Defendants.

OPINION AND ORDER

Matthew Alan Schrock, a prisoner at Westville Correctional Facility proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Here, Schrock alleges that the warden at Westville and various employees at that facility engaged in a racketeering conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). Specifically, he claims that he was found guilty in a prison disciplinary proceeding of assaulting two prison staff members, and as a result he lost 365 days of earned-time credits and was ordered to pay $4,600 in medical bills, among other sanctions. He believes that the sanction was improper, and that staff at the prison had no authority to require him to pay the medical bills. He asserts that staff involved in the hearing and his appeals, as well as administrative staff who oversee prison trust fund accounts, have engaged in a RICO

conspiracy regarding the "misappropriation" of his money. He seeks return of the money that has been deducted from his inmate trust account, which he estimates to be approximately $35.54, permanent injunctive relief preventing the defendants from engaging in "harassment and illegal interference" with his trust fund account, as well as punitive and other damages.

Upon review, it is apparent from the complaint and attachments that Schrock lost earned-time credits and received a credit-class demotion in the disciplinary proceeding at issue; thus, he cannot challenge the guilty finding in this civil rights action, and instead, his remedy is through habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *see also Alexander v. Rasmussen*, 725 F. App'x 418, 420 (7th Cir. 2018) (observing that prisoner must use habeas corpus to challenge disciplinary proceeding if the sanctions imposed "included the loss of good-time credits"). Indeed, court documents reflect that Schrock filed a federal habeas petition challenging this same disciplinary proceeding, which remains pending. *See Schrock v. Warden*, No. 3:19cv121-PPS-MGG (N.D. Ind. Filed Feb. 21, 2019). His arguments regarding the propriety of the disciplinary proceeding should be raised in the pending habeas case.

To the extent Schrock's allegations survive this barrier, they fail to state a claim for relief under 18 U.S.C. § 1964(c). The RICO statute provides a civil cause of action for individuals who are injured by the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 336–37 (7th Cir. 2019) (citations omitted). To plead a pattern of racketeering activity, the plaintiff must allege a relationship between the predicate acts, as well as a threat of

2

continuing activity, known as the "continuity plus relationship" test. *Id.* The plaintiff must plead each of these elements to state a claim. *Id.* The pleading requirement is "designed to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law." *Id.* (citations and internal quotation marks omitted).

Schrock falls far short of pleading any of these elements. He does not plausibly allege the existence of a racketeering enterprise, a pattern of criminal racketeering activity, or, indeed, any criminal activity whatsoever. Rather, he describes an individual dispute regarding whether he should be required to pay the medical bills of staff he was found guilty of injuring.[1] This is not the type of conduct encompassed within the civil RICO statute.

Schrock also references a "due process" violation, without elaborating on the contours of this claim. Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). That is the case here. Schrock cannot assert a due process claim under 42 U.S.C. § 1983 stemming from the

---

[1] Schrock refers to the collection of an "unlawful debt," but under RICO, that means a debt incurred in connection with gambling activity or that is unenforceable because its terms violate state or federal usury laws. 18 U.S.C. § 1961(6). The "debt" in this case does not meet either of those definitions.

3

disciplinary proceeding at this stage, as such a claim would necessarily imply the invalidity of the guilty finding. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). In effect, such a claim would not accrue until the guilty finding is vacated. *See Morgan*, 914 F.3d at 1122. If the guilty finding is ultimately vacated—and if such action does not result in favorable relief related to the restitution award—Schrock can return to federal court to assert a due process claim in connection the restitution award. The case will therefore be dismissed without prejudice.

    For these reasons, the court:

    (1) DISMISSES this case without prejudice as stated herein; and

    (2) DIRECTS the clerk to close this case.

    SO ORDERED on June 23, 2020

                                              /s/JON E. DEGUILIO
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT